UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

THE UNITED STATES OF AMERICA, )
                              )         CASE NUMBER
            PLAINTIFF,        )         08-20720-CR-ZLOCH
                              )
     VS.                      )
                              )
JOSE GERARDO MARTINEZ SIMEON, )         THIS VOLUME:
                              )         PAGES 1 - 18
            DEFENDANT.        )
_____)

TRANSCRIPT OF SENTENCING HAD BEFORE THE HONORABLE WILLIAM J. ZLOCH, IN FORT LAUDERDALE, BROWARD COUNTY, FLORIDA, ON FRIDAY, DECEMBER 12, 2008, IN THE ABOVE-STYLED MATTER.

APPEARANCES:

FOR THE GOVERNMENT:   MONIQUE ANNUNZIATO, A.U.S.A.

FOR THE DEFENDANT:    PHILIP HOROWITZ, ESQ.


CARL SCHANZLEH

OFFICIAL COURT REPORTER

U. S. COURTHOUSE

299 E. BROWARD BLVD., 202B

FORT LAUDERDALE, FLORIDA 33301

954 769-5488

```
 1  (FORT LAUDERDALE, BROWARD COUNTY, FLORIDA;  FRIDAY,
 2  DECEMBER 12, 2008, IN OPEN COURT.)
 3            THE COURT:  GOOD MORNING.  PLEASE BE SEATED.
 4            CALLING CASE NUMBER 08-20720-CRIMINAL, UNITED
 5  STATES OF AMERICA VERSUS JOSE GERARDO MARTINEZ SIMEON.
 6            COUNSEL, WOULD YOU NOTE YOUR APPEARANCES FOR THE
 7  RECORD.
 8            MS. ANNUNZIATO:  GOOD MORNING, YOUR HONOR.  ON
 9  BEHALF OF THE UNITED STATES, MONIQUE ANNUNZIATO.
10            THE COURT:  GOOD MORNING.
11            MR. HOROWITZ:  GOOD MORNING, YOUR HONOR.  PHIL
12  HOROWITZ ON BEHALF OF JOSE GERARDO MARTINEZ SIMEON WHO IS
13  PRESENT BEFORE THE COURT.
14            THE COURT:  GOOD MORNING, COUNSEL.
15            LET THE RECORD REFLECT THAT JOSE GERARDO MARTINEZ
16  SIMEON IS PRESENT AND IN THE COURTROOM.
17            CAN I HAVE THE REPRESENTATIVE FROM THE PROBATION
18  OFFICE NOTE HER APPEARANCE.
19            THE PROBATION OFFICER:  GOOD MORNING, YOUR HONOR.
20  REBECCA HILL ON BEHALF OF THE U.S. PROBATION OFFICE.
21            THE COURT:  GOOD MORNING.
22            CAN I HAVE THE COURT INTERPRETER NOTE HER
23  APPEARANCE, PLEASE.
24            THE INTERPRETER:  GOOD MORNING, YOUR HONOR.
25  CECILIA FERRER.
```

| | |
|---|---|
| 1 | THE COURT: GOOD MORNING. |
| 2 | MR. HOROWITZ, ARE YOU PRIVATELY RETAINED? |
| 3 | MR. HOROWITZ: YES, I AM, YOUR HONOR. |
| 4 | THE COURT: THANK YOU. |
| 5 | WE ARE HERE FOR SENTENCING. |
| 6 | MR. HOROWITZ, HAVE YOU READ IN ITS ENTIRETY THE |
| 7 | PRESENTENCE REPORT AND THE ADDENDUM TO IT? |
| 8 | MR. HOROWITZ: I HAVE, YOUR HONOR. |
| 9 | THE COURT: AND HAVE YOU DISCUSSED THOSE PAPERS |
| 10 | FULLY WITH YOUR CLIENT? |
| 11 | MR. HOROWITZ: YES, YOUR HONOR. |
| 12 | THE COURT: OTHER THAN WHAT HAS BEEN FILED IN |
| 13 | WRITING TITLED THE DEFENDANT'S OBJECTIONS TO THE PRESENTENCE |
| 14 | INVESTIGATION REPORT, ARE THERE ANY ADDITIONAL OBJECTIONS OR |
| 15 | MOTIONS FROM THE DEFENSE TO ANYTHING CONTAINED IN THE |
| 16 | PRESENTENCE REPORT? |
| 17 | MR. HOROWITZ: NO, YOUR HONOR. OTHER THAN A |
| 18 | REQUEST DURING ALLOCUTION FOR A SLIGHT VARIANCE THERE WOULD |
| 19 | BE NO OTHER OBJECTIONS. |
| 20 | THE COURT: ALL RIGHT. MR. SIMEON, HAVE YOU HAD |
| 21 | READ TO YOU IN ITS ENTIRETY THE PRESENTENCE REPORT AND THE |
| 22 | ADDENDUM TO IT, HAVE THOSE PAPERS BEEN READ TO YOU IN |
| 23 | SPANISH IN THEIR ENTIRETY? |
| 24 | THE DEFENDANT: YES, SIR. |
| 25 | THE COURT: AND HAVE YOU DISCUSSED THEM WITH YOUR |

1  LAWYER?

2          THE DEFENDANT: YES, SIR.

3          THE COURT: OTHER THAN WHAT HE HAS FILED IN
4  WRITING ON YOUR BEHALF DO YOU HAVE ANY ADDITIONAL OBJECTIONS
5  OR ANY MOTIONS TO ANYTHING CONTAINED IN THE PRESENTENCE
6  REPORT?

7          THE DEFENDANT: NO, SIR.

8          THE COURT: ARE THERE ANY FROM THE GOVERNMENT?

9          MS. ANNUNZIATO: NO, YOUR HONOR.

10         THE COURT: THE GOVERNMENT AGREES WITH THE
11 DEFENDANT'S OBJECTIONS?

12         MS. ANNUNZIATO: YES, YOUR HONOR, WE DO WE AGREE.

13         THE COURT: HE SHOULD RECEIVE A MINOR ROLE
14 REDUCTION?

15         MS. ANNUNZIATO: THAT'S CORRECT, YOUR HONOR.

16         THE COURT: ALL RIGHT. MADAM PROBATION, OFFICER
17 WHAT DOES THAT DO TO THE GUIDELINE COMPUTATION AND RANGE?

18         THE PROBATION OFFICER: THE TOTAL OFFENSE LEVEL
19 WOULD THEN BE A 19, WITH A CRIMINAL HISTORY CATEGORY OF ONE.
20 THE ADVISORY GUIDELINE RANGE IS 30 TO 37 MONTHS, PROBATION
21 IS NOT AUTHORIZED, SUPERVISED RELEASE REMAINS THE SAME AT
22 THREE TO FIVE YEARS. THE FINE RANGE IS CHANGED FROM SIX TWO
23 TO TWO MILLION, THE RESTITUTION IS NOT APPLICABLE, AND THE
24 SPECIAL ASSESSMENT OF $100.

25         THE COURT: THANK YOU.

1                    DOES THE DEFENSE AGREE WITH THAT?
2                    MR. HOROWITZ:  YES, YOUR HONOR.
3                    THE COURT:  DOES THE GOVERNMENT?
4                    MS. ANNUNZIATO:  YES, YOUR HONOR.
5                    THE COURT:  ALL RIGHT.  MR. SIMEON, IF YOU WILL
6    STEP UP TO THE PODIUM, PLEASE.
7                    JOSE GERARDO MARTINEZ SIMEON, YOU NOW BEING AGAIN
8    BEFORE THIS COURT ACCOMPANIED BY YOUR LAWYER, AND YOU
9    PREVIOUSLY HAVING PLED GUILTY TO THE OFFENSE CHARGED IN THE
10   ONE COUNT INDICTMENT -- EXCUSE ME FOR JUST A MINUTE.  LET
11   ME JUST CHECK ON ONE THING.
12                   YOU PREVIOUSLY HAVING PLED GUILTY TO THE OFFENSE
13   CHARGED IN COUNT ONE OF THE INDICTMENT OF THE UNITED STATES
14   OF AMERICA VERSUS JOSE GERARDO MARTINEZ SIMEON, AND THE
15   COURT HAVING PREVIOUSLY ADJUDGED YOU GUILTY OF THE OFFENSE
16   CHARGED IN COUNT ONE OF THAT INDICTMENT, DO YOU OR DOES
17   ANYONE ON YOUR BEHALF NOW HAVE ANY LEGAL REASON TO SHOW WHY
18   THE SENTENCE OF THE LAW SHOULD NOT BE PRONOUNCED UPON YOU?
19                   MR. HOROWITZ:  NO, YOUR HONOR.
20                   THE COURT:  NO LEGAL REASON HAVING BEEN SHOWN AS
21   TO WHY SENTENCE SHOULD NOT NOW BE IMPOSED THE COURT WILL
22   RECEIVE WHATEVER INFORMATION OR EVIDENCE MAY BE OFFERED IN
23   EXTENUATION OR IN MITIGATION OF PUNISHMENT, OR WHICH IS
24   OTHER WISE RELEVANT TO THE SENTENCE TO BE IMPOSED.
25                   MR. HOROWITZ:  YOUR HONOR, IF I MAY, WITH THE

```
 1  COURT'S PERMISSION BRIEFLY ALLOCUTE.
 2            THE COURT:  GO RIGHT AHEAD.
 3            MR. HOROWITZ:  YOUR HONOR, THIS IS A VERY USUAL
 4  CASE BUT AN UNUSUAL CASE.  MR. MARTINEZ SIMEON WAS ARRESTED
 5  AT THE MIAMI INTERNATIONAL AIRPORT BRINGING DRUGS INTO THE
 6  UNITED STATES.  THAT'S THE USUAL PORTION OF THIS CASE.
 7            THE UNUSUAL PORTION OF THIS CASE SUPPORTS WITH
 8  PARAGRAPH 36 OF THE PRESENTENCE REPORT, IF I MAY READ TO THE
 9  COURT.  THE DEFENDANT RECORDED HE WAS RAISED UNDER WEALTHY
10  FINANCIAL CIRCUMSTANCES IN PANAMA.  HE WAS AFFORDED A
11  PRIVILEGED LIFE-STYLE AND ATTENDED PRIVATE SCHOOLS.  HE ALSO
12  ABUSED AN ABUSE FREE UPBRINGING AND A CLOSE RELATIONSHIP
13  WITH HIS MOTHER AND FAMILY.  AND, BY THE WAY, YOUR HONOR,
14  MR. SIMEON MARTINEZ'S MOTHER IS PRESENT IN THE COURT HAVING
15  COME UP FROM PANAMA FOR THE SENTENCING AND HOLE FULLY THE
16  COURT WILL HAVE THE BENEFIT OF HER LETTER TO THIS COURT.
17            THE COURT:  GOOD MORNING.
18            MR. HOROWITZ:  MR. MARTINEZ SIMEON WENT TO SOME OF
19  THE FINEST SCHOOLS IN PANAMA.  THEN HIS PASSION FOR THE AIRS
20  AND THE SKY TOOK OVER AND HE BECAME A LICENSED PILOT BOTH IN
21  PANAMA AND IN THE UNITED STATES.  HE WAS IN THE PROCESS OF
22  GETTING THE LAST REQUIRED LICENSE FOR HIS PILOT TO BECOME A
23  PILOT IN THE UNITED STATES.  HOWEVER, AT THIS TIME HIS
24  PERSONAL LIFE WAS SPIRALING DOWNHILL.  HIS MOTHER AND
25  STEP-MATTER GOT A DIVORCE AND IT WAS A WAR, FOR LACK OF A
```

1  BETTER TERM.

2               MR. MARTINEZ SIMEON'S LIFE BEGAN TO SPIRAL
3  DOWNWARD INTO THE USE OF DRUGS AS OUTLINED WITHIN THE PSI,
4  THAT COMBINED WITH THE FINANCIAL DIFFICULTIES HE WAS FACING
5  WHICH WAS TOTALLY OPPOSITE TO HIS UPBRINGING LED TO HIS
6  KNOWING, VOLUNTARY AND INTENTIONAL INVOLVEMENT IN THIS CASE.

7               AFTER HE WAS STOPPED AT THE AIRPORT, YOUR HONOR,
8  I THINK THE COURT SHOULD BE AWARE THAT MR. MARTINEZ SIMEON
9  ADVISED CUSTOMS AND BORDER PROTECTION THAT HE WAS CARRYING
10 DRUGS IN HIS LUGGAGE BEFORE THEY WERE EVEN DISCOVERED.

11              HE WAS SELECTED FOR THE SECONDARY INSPECTION, BUT
12 IT WASN'T THAT THE OFFICERS AND AGENTS DISCOVERED THE
13 DRUGS, MR. MARTINEZ VOLUNTEERED THAT INFORMATION.  FROM
14 THAT MOMENT ON HE BEGAN TO COOPERATE BOTH WITH THE
15 INSPECTORS AND SUBSEQUENTLY THE AGENTS, AND THE PSI IS
16 REPLETE WITH HOW MR. MARTINEZ SIMEON ATTEMPTED WITH THE
17 AGENT'S SUPERVISION OBVIOUSLY TO PERFORM A CONTROLLED
18 DELIVERY OF THE SUBSTANCES THAT WERE SEIZED, AND THE DRUGS
19 THAT WERE SEIZED IN ORDER TO ASSIST THE AGENTS.

20              NOW, YOUR HONOR SHOULD BE AWARE THAT WHEN A
21 PERSON IS ASKED TO DO A CONTROLLED DELIVERY, AS IN THIS
22 CASE, THEY TAKE THEM TO THE HOTEL ROOM WHERE THE
23 ANTICIPATED DELIVERY IS SUPPOSED TO BE AND THE AGENTS LEAVE
24 THE DEFENDANT AT THIS TIME IN THAT HOTEL ROOM.  BUT UNLIKE
25 THIS COURTHOUSE, WHEN WE WALK THROUGH THE DOORS AND THE

1  GATES OF THIS COURTHOUSE BOTH ATTORNEYS AND CIVILIANS ALIKE
2  GO THROUGH AN IDENTIFICATION PROCESS, A METAL DETECTOR
3  PROCESS.  WE HAVE TO BE HAND WANDED.  IF THE METAL DETECTOR
4  DOES COME OFF WHEN MR. MARTINEZ IS SITTING IN THAT HOTEL
5  ROOM WHOEVER IS SUPPOSED TO COME THROUGH THAT DOOR TO
6  RECEIVE THE DRUGS DOES NOT SHOW IDENTIFICATION AT THE DOOR
7  OF THE HOTEL, DOES NOT GO THROUGH THE METAL DETECTOR.  WE
8  DON'T KNOW IF THEY ARE COMING WITH A GUN, WITH A KNIFE, OR
9  SOME OTHER ARMS, OR WHETHER IT IS ONE OR MORE THAN ONE.
10         MR. MARTINEZ SIMEON PUT HIMSELF AT GRAVE RISK BY
11 DOING THIS.  BUT IN HIS DESIRE TO COOPERATE WITH THE AGENTS
12 HE AVAILED HIMSELF OF THIS OPPORTUNITY POSTHASTE.  HE DID
13 NOT ASK ANYONE, HE DID NOT REQUEST COUNSEL AT THIS TIME, HE
14 AGREED TO COOPERATE, AND COOPERATED FULLY WITH THE AGENTS.
15         BASED ON THESE FACTS AND CIRCUMSTANCES, THE FACT
16 THAT HE IS A YOUNG MAN WHO HAS MADE AN EGREGIOUS ERROR, HAS
17 COMMITTED A CRIME, AND NOT ON A LARGE SCALE BECAUSE HE IS
18 BEFORE YOUR HONOR IN A UNITED STATES DISTRICT COURTHOUSE,
19 HIS LIFE BEFORE HAS BEEN EXEMPLARY, IT WAS SPIRALING
20 DOWNWARD AND THIS IS A WAKE-UP CALL THAT HE KNOWS THAT HE
21 HAS RECEIVED, HE HAS CONTINUED TO ASSIST THE GOVERNMENT,
22 AND AT THIS POINT IT IS VERY DIFFICULT TO SAY WHETHER THIS
23 WILL BEAR ANY FRUIT.  I QUITE CANDIDLY, JUDGE, I DON'T
24 KNOW, I DON'T THINK SO BECAUSE MOST OF MR. MARTINEZ
25 SIMEON'S CONTACT IN THIS CASE WERE IN PANAMA.  HOWEVER, HE

1 DID EVERYTHING HE COULD, AND BASED ON THE TOTALITY OF THE
2 CASE, AND THE FACTORS CONSIDERED UNDER 3553(A), WHAT WE
3 WOULD BE ASKING FOR ON HIS BEHALF IS A VARIANCE, BUT NOT A
4 LARGE VARIANCE YOUR HONOR.  HIS GUIDELINES ARE 30 TO 37
5 MONTHS.  A FAIR SENTENCE BASED ON ALL THE FACTORS IN THIS
6 SPECIFIC CASE WOULD BE ONE OF 24 MONTHS, AND THAT'S WHAT I
7 WOULD BE REQUESTING ON HIS BEHALF.
8             THE COURT:  ALL RIGHT.  THANK YOU.
9             MR. HOROWITZ:  THANK YOU, YOUR HONOR.
10            THE COURT:  MR. MARTINEZ SIMEON, WHAT WOULD YOU
11 LIKE TO SAY?
12            THE DEFENDANT:  YES, YOUR HONOR.
13            FIRST OF ALL, I WOULD LIKE TO APOLOGIZE TO THE
14 U.S. GOVERNMENT, TO THE U.S. ATTORNEY, AND TO MY FAMILY
15 WHO'S PRESENT HERE TODAY WITH ME.  I PUT THEM IN AN
16 EMBARRASSING SITUATION BECAUSE OF MY IMMATURE AND DESPERATE
17 DECISIONS.
18            THE TIME I HAVE BEEN WITHOUT MY LIBERTY I HAVE
19 BEEN REFLECTING ABOUT ALL THE MISTAKES I HAVE MADE IN MY
20 LIFE, AND I'M COMMITTED TO THE AGENTS AND TO THE U.S.
21 ATTORNEYS TO HELP THEM IN EVERY WAY I CAN AFTER MY SENTENCE
22 BECAUSE THOSE ARE THE VALUES I WAS RAISED WITH IN MY FAMILY.
23            I THANK YOU FOR THIS OPPORTUNITY AND I WISH YOU A
24 HAPPY NEW YEAR.
25            THE COURT:  THANK YOU.

```
 1                ANYTHING ELSE FROM THE DEFENSE, MR. HOROWITZ?
 2                MR. HOROWITZ:  NO, YOUR HONOR.
 3                THE COURT:  ALL RIGHT, WHAT SAY THE UNITED STATES?
 4                MS. ANNUNZIATO:  YOUR HONOR, IN THIS MATTER WE
 5   BELIEVE THAT THE GUIDELINE SENTENCE, THE ADVISORY GUIDELINE
 6   SENTENCE IS APPROPRIATE, AND WE BELIEVE A SENTENCE AT THE
 7   LOW END OF THE GUIDELINES IS APPROPRIATE.
 8                HOWEVER, WE DISPUTE THE VARIANCE THAT THE DEFENSE
 9   IS REQUESTING OF 24 MONTHS.  WE BELIEVE THAT 30 MONTHS IS
10   APPROPRIATE IN THIS MATTER.  I WOULD LIKE TO POINT OUT, TO
11   ADDRESS A COUPLE OF THINGS MR. HOROWITZ STATED WHICH IS, IF
12   YOU LOOK AT PARAGRAPH FIVE OF THE PSI, ALTHOUGH THE
13   DEFENDANT DID VOLUNTEER THAT HE HAD DRUGS IN HIS BAG THAT
14   WAS AS THE BAG WAS ABOUT TO BE SEARCHED.  IT WASN'T THAT HE
15   VOLUNTEERED IT IN SECONDARY BEFORE THEY WERE EVEN BEGINNING
16   TO SEARCH HIS BAG.
17                ADDITIONALLY, WHILE WE RECOGNIZE THAT THE
18   DEFENDANT MAY HAVE HAD SOME TOUGH FAMILY ISSUES AND SOME
19   SUBSTANCE ABUSE ISSUES, IT SHOULD ALSO BE NOTED IN HIS
20   CONFESSION AND STATEMENT TO THE POLICE THAT -- OR THE AGENTS
21   IS THAT HE WAS SUPPOSED TO RECEIVE $3,000.  THIS IS IN
22   PARAGRAPH 10 TOWARDS THE BOTTOM OF THE PARAGRAPH THAT HE WAS
23   TO BE PAID $3,000 IN CASH UPON SUCCESSFUL DELIVERY OF THOSE
24   ITEMS.
25                BASED UPON THAT THE FACT, HE WAS TO PROFIT FROM
```

1  THIS AND, YOU KNOW, THE FACT THAT HE DOES COME FROM
2  APPARENTLY A WELL TO DO HOUSEHOLD ALMOST IN A WAY MAKES IT A
3  LITTLE WORSE THAN A TYPICAL CARRIER CASE WHERE SOMEONE IS
4  COMING FROM SOME SORT OF DESPERATE POVERTY AND TRYING TO
5  IMPORT COCAINE.
6         SO WE DO BELIEVE A SENTENCE WITHIN THE ADVISORY
7  GUIDELINE RANGE IS APPROPRIATE.  WE DID AGREE HE SHOULD
8  RECEIVE A MINOR ROLE ADJUSTMENT.  WE FEEL THAT ACCOUNTS FOR
9  HIS ROLE IN THE OFFENSE, AND WE BELIEVE THAT BASED UPON ALL
10 THE FACTORS PURSUANT TO TITLE 18, UNITED STATES CODE,
11 SECTION 3553 THAT A SENTENCE AT 30 MONTHS WOULD BE
12 APPROPRIATE.
13         THE COURT:  ALL RIGHT.  THANK YOU.
14         THE COURT BEING FULLY INFORMED OF THE FACTS AND
15 CIRCUMSTANCES SURROUNDING THE CRIME AND NO LEGAL REASON
16 HAVING BEEN SHOWN AS TO WHY SENTENCE SHOULD NOT NOW BE
17 IMPOSED, AFTER CONSIDERATION OF STATEMENTS BY ALL PARTIES
18 AND A COMPLETE REVIEW OF THE ENTIRE PRESENTENCE REPORT,
19 WHICH CONTAINS THE ADVISORY GUIDELINE COMPUTATION AND RANGE
20 WHICH THIS COURT HAS CONSIDERED, THE COURT HAS ALSO
21 CONSIDERED ALL OF THE STATUTORY FACTORS.
22         THE COURT FINDS THAT THE DEFENDANT MEETS THE
23 CRITERIA SET FORTH IN SECTION 5C1.2 AND 18, USC, SECTION
24 3553(F)(1) THROUGH AND INCLUDING (5).  THEREFORE, A
25 SENTENCE WILL BE IMPOSED IN ACCORDANCE WITH THE ADVISORY

1  GUIDELINES WITHOUT REGARD TO ANY MANDATORY -- ANY STATUTORY
2  MANDATORY MINIMUM SENTENCE.
3  　　　　　IT IS FURTHER THE FINDING OF THE COURT THAT THE
4  DEFENDANT IS NOT ABLE TO PAY A FINE.  THEREFORE, NO FINE
5  SHALL BE IMPOSED.
6  　　　　　ACCORDINGLY, PURSUANT TO THE SENTENCING REFORM
7  ACT OF 1984, IT IS THE JUDGMENT OF THE COURT AND THE
8  SENTENCE OF THE LAW THAT JOSE GERARDO MARTINEZ SIMEON IS
9  HERE BY COMMITTED TO THE CUSTODY OF THE UNITED STATES
10 BUREAU OF PRISONS TO BE IMPRISONED FOR A TERM OF 30 MONTHS
11 AS TO COUNT ONE OF THE INDICTMENT.
12 　　　　　UPON RELEASE FROM IMPRISONMENT THE DEFENDANT
13 SHALL BE PLACED ON SUPERVISED RELEASE FOR A TERM OF THREE
14 YEARS AS TO COUNT ONE.
15 　　　　　WITHIN 72 HOURS OF RELEASE THE DEFENDANT SHALL
16 REPORT IN PERSON TO THE PROBATION OFFICE IN THE DISTRICT TO
17 WHICH HE IS RELEASED.
18 　　　　　WHILE ON SUPERVISED RELEASE THE DEFENDANT SHALL
19 NOT COMMIT ANY CRIMES, HE SHALL BE PROHIBITED FROM
20 POSSESSING A FIREARM OR OTHER DANGEROUS DEVICES, HE SHALL
21 NOT POSSESS A CONTROLLED SUBSTANCE, AND HE SHALL COMPLY
22 WITH THE STANDARD CONDITIONS OF SUPERVISED RELEASE
23 INCLUDING THE FOLLOWING SPECIAL CONDITIONS.
24 　　　　　ONE, THERE SHALL BE A SUBSTANCE ABUSE TREATMENT
25 REQUIREMENT.

1               TWO, THERE SHALL BE A FINANCIAL DISCLOSURE
2    REQUIREMENT.
3               THREE, THERE SHALL BE AN EMPLOYMENT REQUIREMENT.
4               FOUR, THERE SHALL BE A PERMISSIBLE SEARCH
5    REQUIREMENT, ALL AS NOTED MORE SPECIFICALLY IN PART G OF
6    THE PRESENTENCE REPORT.
7               IT IS FURTHER ORDERED THAT THE DEFENDANT SHALL
8    PAY IMMEDIATELY TO THE UNITED STATES A SPECIAL ASSESSMENT
9    OF $100.
10              DOES THAT COVER EVERYTHING, MADAM PROBATION
11   OFFICER?
12              THE PROBATION OFFICER:  YES, IT DOES, YOUR HONOR.
13              THE COURT:  THE COURT ADOPTS THE FACTUAL FINDINGS
14   AND ADVISORY GUIDELINE COMPUTATION, THE TOTAL OFFENSE LEVEL,
15   THE CRIMINAL HISTORY CATEGORY, THE IMPRISONMENT RANGE, THE
16   SUPERVISED RELEASE RANGE, AND THE FINE RANGE AS SET FORTH IN
17   THE PRESENTENCE REPORT.
18              NO FINE HAS BEEN IMPOSED FOR THE REASONS
19   PREVIOUSLY STATED.  RESTITUTION IS NOT APPLICABLE.
20              THE SENTENCE IS WITHIN THE ADVISORY GUIDELINE
21   RANGE, THAT RANGE DOES NOT EXCEED 24 MONTHS THE COURT FINDS
22   NO REASON TO DEPART OR VARY FROM A SENTENCE CALLED FOR BY A
23   ADVISORY GUIDELINE RANGE.
24              THE COURT NOTES THAT THE DEFENDANT HAS ALREADY
25   RECEIVED SIGNIFICANT CONSIDERATION IN QUALIFYING FOR THE

```
 1  SAFETY VALVE.  THE MANDATORY MINIMUM WOULD OTHERWISE HAVE
 2  BEEN 60 MONTHS.  THEN WITH THE MINOR ROLE REDUCTION THE
 3  GUIDELINE RANGE WAS REDUCED TO 30 MONTHS.  SO HE HAS
 4  ALREADY RECEIVED A SIGNIFICANT BREAK.
 5           MR. HOROWITZ, DOES THE DEFENSE HAVE ANY
 6  OBJECTIONS TO ANY OF THE FINDINGS OF FACTS OR CONCLUSIONS
 7  OF LAW MADE BY THE COURT HERE THIS MORNING?
 8           MR. HOROWITZ:  NO, YOUR HONOR.
 9           THE COURT:  MR. MARTINEZ SIMEON, DO YOU HAVE ANY?
10           THE DEFENDANT:  NO, SIR.
11           THE COURT:  ANY FROM THE GOVERNMENT?
12           MS. ANNUNZIATO:  NO, YOUR HONOR.
13           THE COURT:  DOES THE DEFENSE HAVE ANY OBJECTION TO
14  THE MANNER OR PROCEDURE IN WHICH SENTENCE HAS BEEN IMPOSED
15  OR THAT THIS HEARING HAS BEEN CONDUCTED, MR. HOROWITZ?
16           MR. HOROWITZ:  NO, YOUR HONOR.
17           THE COURT:  MR. MARTINEZ SIMEON, DO YOU HAVE ANY?
18           THE DEFENDANT:  NO, YOUR HONOR.
19           THE COURT:  ANY FROM THE GOVERNMENT?
20           MS. ANNUNZIATO:  NO, YOUR HONOR.
21           THE COURT:  MR. MARTINEZ SIMEON, THE COURT NOW
22  INFORMS YOU THAT YOU HAVE 10 DAYS FROM TODAY WITHIN WHICH TO
23  APPEAL THE SENTENCE IMPOSED.  YOUR FAILURE TO APPEAL WITHIN
24  THE 10-DAY TIME PERIOD SHALL CONSTITUTE A WAIVER OF YOUR
25  RIGHT TO APPEAL.
```

```
 1              IF YOU ARE WITHOUT FUNDS WITH WHICH TO RETAIN A
 2   LAWYER TO ASSIST YOU IN ANY APPEAL THE COURT WOULD APPOINT A
 3   LAWYER FOR YOU UPON A SHOWING THAT YOU ARE INDIGENT AND
 4   UNABLE TO AFFORD A LAWYER.
 5              THE CLERK OF THE COURT WOULD FILE A NOTICE OF
 6   APPEAL ON YOUR BEHALF IF YOU WERE DECLARED INDIGENT AND IF
 7   YOU REQUESTED THE CLERK OF THE COURT TO DO SO.
 8              ANYTHING ELSE FROM THE DEFENSE, MR. HOROWITZ?
 9              MR. HOROWITZ:  JUST SOME RECOMMENDATIONS AT THE
10   APPROPRIATE TIME, YOUR HONOR.
11              THE COURT:  GO AHEAD.
12              MR. HOROWITZ:  YOUR HONOR, AS FAR AS DESIGNATION,
13   MR. MARTINEZ SIMEON WOULD RESPECTFULLY REQUEST THAT THE
14   COURT RECOMMENDS THAT HE SERVE HIS SENTENCE AT THE PRISON
15   CAMP IN PENSACOLA, FLORIDA.  I HAVE DISCUSSED THIS WITH
16   MR. MARTINEZ SIMEON, HE RECOGNIZES THIS IS A RECOMMENDATION
17   AND NOT A COURT ORDER, AND IT IS BASED ON SPACE AVAILABILITY
18   WHERE HE WOULD ULTIMATELY GO.
19              THE COURT:  ALL RIGHT.  ANYTHING ELSE?
20              MR. HOROWITZ:  ADDITIONALLY, WE WOULD ASK THE
21   COURT RECOMMEND THAT MR. MARTINEZ SIMEON PARTICIPATE AND
22   COMPLETE THE 500 HOUR DRUG PROGRAM WHILE INCARCERATED.
23              FINALLY, YOUR HONOR, THIS WOULD BE AS IT PERTAINS
24   TO SUPERVISED RELEASE.  AS THE COURT NOTES FROM THE
25   PRESENTENCE INVESTIGATION REPORT MR. MARTINEZ SIMEON IS A
```

1   CITIZEN OF THE UNITED STATES AS WELL AS PANAMA, AND THOUGH

2   HE WAS BORN IN THE UNITED STATES MOST OF HIS ADULT LIFE AND

3   MOST OF HIS LIFE HE HAS RESIDED IN PANAMA.

4          WE WOULD RESPECTFULLY REQUEST THAT WHILE

5   MR. MARTINEZ SIMEON IS ON SUPERVISED RELEASE HE BE PERMITTED

6   TO TRAVEL AND/OR RESIDE IN PANAMA WITH APPROPRIATE

7   NOTIFICATION TO THE UNITED STATES PROBATION OFFICE AND THAT

8   WHILE HE'S IN PANAMA THAT HIS SUPERVISED RELEASE BE

9   NONREPORTING, AND UPON HIS RETURN TO THE UNITED STATES HE

10  IMMEDIATELY CHECK IN WITH THE PROBATION OFFICE.

11         THE COURT:  ALL RIGHT.  WELL, I AM NOT GOING TO

12  ADDRESS THAT ISSUE AT THIS POINT.  MR. MARTINEZ SIMEON CAN

13  BRING THAT UP WITH THE PROBATION OFFICE WHEN HE IS RELEASED

14  FROM INCARCERATION, AND THEN IF THERE IS A PROBLEM THEN YOU

15  CAN FILE THE APPROPRIATE MOTION, BUT I WILL NOT ADDRESS IT

16  AT THIS POINT.

17         MR. HOROWITZ:  THAT'S FINE, JUDGE.

18         THE COURT:  THE COURT RECOMMENDS THE FEDERAL

19  FACILITY IN PENSACOLA, FLORIDA, AND THE COURT RECOMMENDS THE

20  500 HOUR DRUG ABUSE PROGRAM.

21         ANYTHING ELSE FROM THE DEFENSE?

22         MR. HOROWITZ:  NO, YOUR HONOR.

23         THE COURT:  FROM THE GOVERNMENT?

24         MS. ANNUNZIATO:  YES, YOUR HONOR.

25         PURSUANT TO THE PLEA AGREEMENT AT THIS TIME THE

1  GOVERNMENT WOULD MOVE TO DISMISS COUNT TWO OF THE
2  INDICTMENT.
3             THE COURT:  SO ORDERED.
4             ALL RIGHT, MR. MARTINEZ SIMEON, YOU ARE REMANDED
5  TO THE CUSTODY OF THE UNITED STATES MARSHAL.
6             THE COURT IS IN RECESS.
7             THANK YOU, COUNSEL.  HAVE A GREAT WEEKEND.
8                           - - -

1
2
3             C E R T I F I C A T E
4
5
6  UNITED STATES OF AMERICA
7  SOUTHERN DISTRICT OF FLORIDA
8
9
10        I, CARL SCHANZLEH, OFFICIAL COURT REPORTER OF THE
11 UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF
12 FLORIDA, DO HEREBY CERTIFY THAT THE FOREGOING 17 PAGES
13 CONSTITUTE A TRUE TRANSCRIPT OF THE PROCEEDINGS HAD BEFORE
14 THE SAID COURT HELD IN THE CITY OF FORT LAUDERDALE, FLORIDA,
15 IN THE MATTER THEREIN STATED.
16        IN TESTIMONY WHEREOF, I HEREUNTO SET MY HAND ON THIS
17 25TH DAY OF APRIL 2009.
18
19                          /S/CARL SCHANZLEH
                            CARL SCHANZLEH, RPR-CM
20                          OFFICIAL FEDERAL COURT REPORTER
                            299 EAST BROWARD BLVD., 202B
21                          FORT LAUDERDALE, FL   33301
                            TELEPHONE 954/769-5488
22
23
24
25